ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**JORGE ERNESTO RUBIO ÁLVAREZ**<br><br>Peticionario | TA2026CE00190 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Criminal Núm.:<br>**C LE2025G0121**<br><br>Sobre:<br>Art. 3.1　Ley 54 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de febrero de 2026.

Comparece ante nos el señor Jorge Ernesto Rubio Álvarez (señor Rubio Álvarez o peticionario), mediante *Petición de Certiorari*, y nos invita a intervenir con la *Resolución* emitida el 14 de enero de 2026, notificada el 16 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI).[1]

En particular, el TPI denegó la solicitud del señor Rubio Álvarez para que El Pueblo de Puerto Rico, representado por el Ministerio Público (Ministerio Público o recurrido), le brindara, como parte del descubrimiento de prueba, cierta información relacionada con el estado psicológico de la testigo principal en el presente caso; es decir, la señora Paula Andrea Rubio Silva (señora Rubio Silva).

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA, Entrada Núm. 1, Anejo 1.

## I.

El presente caso tiene su génesis el 20 de febrero de 2025, cuando el Ministerio Público presentó una *Denuncia* en contra del señor Rubio Álvarez por infringir el Artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, mejor conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica*, 8 LPRA sec. 631 (Ley 54).[2] Según se desprende del expediente ante nos, se le imputa al peticionario que, allá para el 18 de febrero de 2025, empleó fuerza física y/o violencia psicológica en contra de la señora Rubio Silva, quien es su cónyuge y con quien procreó dos (2) hijos, para causarle daño físico y/o grave daño emocional. Lo anterior, según se imputa en el pliego, consistente en que le gritó a la señora Rubio Silva y la agarró por ambas manos fuertemente, de modo que le ocasionó hematomas en ambas muñecas. Asimismo, el referido pliego aduce que las acciones del señor Rubio Álvarez constituyeron un patrón de conducta de violencia psicológica, emocional y/o física.

Posteriormente, el Ministerio Publicó presentó la correspondiente *Acusación* por la comisión del mismo delito y los hechos antedichos.[3]

Así pues, el 23 de mayo de 2025, el peticionario notificó al recurrido su solicitud de descubrimiento de prueba, mediante una *Moción en Razón de la Regla 95 de las de Procedimiento Criminal*.[4] Entre lo solicitado, el señor Rubio Álvarez peticionó que se le proveyera la "(c)opia de récord médico con relación a cualquier trastorno o condición emocional diagnosticada de la presunta perjudicada para la fecha de los hechos y una certificación que

---

[2] *Íd.*, Anejo 2.
[3] *Íd.*, Anejo 3.
[4] *Íd.*, Anejo 4.

acredite si para esa fecha estaba en fármaco terapia [sic] y de ser así el listado de medicamentos y dosis prescritos."[5]

Ante ello, el 9 de junio de 2025, el Ministerio Público presentó su *Contestaci[ó]n a Moci[ó]n al Amparo de la Regla 95 de Procedimiento Criminal; Moci[ó]n al Amparo de la Regla 95-A de las de Procedimiento Criminal y Solicitud de Orden.*[6]

El 27 de julio de 2025, el señor Rubio Álvarez presentó una *Moción de Conformidad con la Regla 95 (B)(e) de Procedimiento Criminal.*[7] En esta, señaló que el recurrido no brindó la información solicitada referente a la condición emocional de la señora Rubio Silva para la fecha de los hechos. Asimismo, sostuvo que la información era de suma importancia para la preparación de su defensa, de modo que solicitó al foro primario que ordenara al Ministerio Público a suplir la información.

En respuesta, el 15 de agosto de 2025, el recurrido presentó una *Oposici[ó]n a la Moci[ó]n Presentada Bajo la Regla 95 de Procedimiento Criminal.*[8] Allí, indicó que la información solicitada por el peticionario no era pertinente sino excesivamente amplia y lesiva a los derechos de intimidad y confidencialidad médica de la señora Rubio Silva, así como que no existía controversia sobre la salud mental o tratamiento médico de esta. En adición, sostuvo que no poseía prueba pericial y que la jurisprudencia establecía que la peticionaria debía cumplir con un estándar de necesidad para solicitar los expedientes médicos. Asimismo, resaltó que el objetivo del señor Rubio Álvarez era impugnar la credibilidad de la señora Rubio Silva, y que ello podía realizarse mediante contrainterrogatorio.

---

[5] *Íd.*, pág. 15.
[6] *Íd.*, Anejo 5.
[7] *Íd.*, Anejo 6.
[8] *Íd.*, Anejo 7.

El 10 de octubre de 2025, el peticionario presentó una *Réplica a Oposición por el Ministerio Público.*[9] Mediante esta, indicó que conocía que la señora Rubio Silva padecía de depresión, ataques de pánico, alucinaciones y otras condiciones psicológicas, las cuales requieren tratamiento médico, así como fármacos. En ese sentido, sostuvo que para hacer valer una defensa adecuada, debía permitírsele procurar evidencia en cuanto a los elementos del delito imputado y que, cuando la condición mental de una persona perjudicada de delito está relacionada con un elemento del delito, no se requiere satisfacer la doctrina de clara necesidad. Por ende, esgrimió que toda vez que el delito imputado giraba en torno al estado emocional de la señora Rubio Silva, sostuvo que la información solicitada era pertinente a sus derechos de una defensa adecuada y de careo.

Por otro lado, planteó que el privilegio de psicoterapeuta y paciente, consignado en la Regla 508 de Evidencia, 3 LPRA Ap. VI, no era aplicable al presente asunto por virtud de la excepción al privilegio establecida en el inciso (d) (3) de dicha regla.

Por su parte, el 23 de octubre de 2025, el Ministerio Público ripostó lo anterior mediante una *Moción en Oposici[ó]n a Descubrimiento de R[é]cord M[é]dico.*[10] Mediante esta, reiteró que el récord médico de la señora Rubio Silva era confidencial y dicha confidencialidad solo podía ser renunciada por esta. Asimismo, esgrimió que el peticionario no puso en posición al foro de instancia para distinguir el beneficio que se obtendría con dicho récord médico. Igualmente, señaló que el privilegio de la Regla 508 de Evidencia, *supra*, era de aplicación y que ninguna de sus excepciones se encontraba presente.

---

[9] *Íd.*, Anejo 8.
[10] *Íd.*, Anejo 9.

Trabado el asunto, el 14 de enero de 2026, y notificada el 16 de enero de 2026, el TPI emitió la *Resolución* recurrida.[11] En esencia, el foro *a quo* denegó la solicitud del señor Rubio Álvarez y determinó que el privilegio de la Regla 508 de Evidencia, *supra*, se encontraba presente. Asimismo, que el peticionario no especificó cómo la información era pertinente a alguna controversia sobre la condición mental de la señora Rubio Silva. Igualmente, entendió que el propósito del señor Rubio Álvarez era impugnar la credibilidad de esta y, siendo así, no demostró cómo el contrainterrogatorio resultaba insuficiente sin la información solicitada.

Inconforme, el 17 de febrero de 2026, el peticionario compareció ante nos, mediante recurso de *certiorari*, y señaló al TPI por la comisión del siguiente error:

**ERRÓ EL TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCI[Ó]N PRESENTADA POR EL PETICIONARIO CONFORME A LA REGLA 95 (B) (3) DE PROCEDIMIENTO CRIMINAL, DONDE SE SOLICITABA DE LA PRESUNTA PERJUDICADA LA COPIA DEL RÉCORD MÉDICO CON RELACIÓN A CUALQUIER TRASTORNO Y/O CONDICIÓN EMOCIONAL DIAGNOSTICADA Y UNA CERTIFICACIÓN QUE ACREDITARA SI PARA LA FECHA DE LOS HECHOS ESTABA EN FARMACOTERAPIA Y DE SER ASÍ, EL LISTADO DE MEDICAMENTOS Y DOSIS PRESCRITA POR SER NECESARIA EN LA PREPARACIÓN DE LA DEFENSA DEL PETICIONARIO.**

Por su parte, el recurrido, por conducto de la Oficina del Procurador General de Puerto Rico, compareció mediante un *Escrito en Cumplimiento de Orden* mediante el cual interpuso su oposición a la petición del señor Rubio Álvarez.[12] En específico, planteó que las condiciones psicológicas previas le fueron diagnosticadas a la señora Rubio Silva por un psicoterapeuta privado, por lo cual la información referente a dichos diagnósticos se encontraba cobijada por el privilegio de psicoterapeuta y paciente, el cual solo puede ser renunciado por la señora Rubio Silva. Igualmente, rechazó que se

---

[11] *Íd.*, Anejo 1.
[12] SUMAC TA, Entrada Núm. 5.

encontrara presente alguna de las excepciones reconocidas al referido privilegio.

Así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

**II.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009).

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) (bastardillas en el original). No obstante, "en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd.*, (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)) (bastardillas en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

Expuesta la normativa jurídica aplicable, procedemos disponer del recurso instado ante nos.

### III.

En el presente asunto, el señor Rubio Álvarez recurre de la denegatoria del TPI de serle entregado los récords médicos relativos a las condiciones mentales que, previo a los hechos alegadamente constitutivos de delito, le han sido diagnosticadas a la señora Rubio Silva. Arguye que la determinación del foro *a quo* laceró su derecho a preparar una defensa adecuada toda vez que la condición mental de esta era un elemento del delito imputado y, consecuentemente, materia de descubrimiento de prueba.

Según el dictamen recurrido, el foro primario denegó la petición del señor Rubio Álvarez para que el recurrido le brindara, como parte del descubrimiento de prueba, cierta información y documentación relacionada con el estado psicológico de la señora Rubio Silva. A esos efectos, expuso que el señor Rubio Álvarez "no ha demostrado de forma suficiente o específica c[ó]mo, ante la información que aduce conocer sobre la condición mental de la testigo, el mecanismo del contrainterrogatorio resultar[á] insuficiente, sin la información solicitada para impugnar, de forma efectiva, el testimonio de esta."[13]

Tras un examen minucioso y sosegado del expediente ante nos, no encontramos indicio o ápice alguno de que el foro *a quo* hubiese actuado de forma arbitraria o caprichosa; abusado al ejercer su discreción; o cometido algún error de derecho. Es decir, no se evidencia falta atribuible al foro primario, de modo que nos mueva a expedir el auto de *certiorari*, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por las razones discutidas anteriormente, resolvemos denegar expedir el auto de *certiorari* solicitado.

Notifíquese **inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] SUMAC TA, Entrada Núm. 1, Apéndice, Anejo 1, pág. 8.